Slip Op. 05-79

UNITED STATES COURT OF INTERNATIONAL TRADE

Before:      HONORABLE JANE A. RESTANI, CHIEF JUDGE; JUDITH M. BARZILAY; and RICHARD K. EATON, JUDGES

| | |
|---|---|
| TEMBEC, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Court No. 05-00028 |
| v. ) | |
| ) | |
| UNITED STATES, ET AL. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CANADIAN LUMBER TRADE ) | |
| ALLIANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Court No. 05-00032 |
| v. ) | |
| ) | |
| UNITED STATES, ET AL., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| THE GOVERNMENT OF CANADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Court No. 05-00033 |
| v. ) | |
| ) | |
| UNITED STATES ET AL., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

Plaintiffs have moved to stay this case pending the outcome of an ongoing NAFTA

Extraordinary Challenge Committee ("ECC") proceeding.  Defendants oppose this motion.

This Court has discretion to stay its own proceedings. *See Tak Fat Trading Co. v. United States*, 24 CIT 1376, 1376-77 (2000) (citations omitted). While it is a long-standing principle that a party plaintiff is the master of its complaint, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (citations omitted). Guiding its decision whether to grant a stay, the court must "maintain an even balance," taking into account the interests of the plaintiff, the defendant, non-parties, and even the court itself. *See Georgetown Steel Co., LLC v. United States*, 27 CIT __, 259 F. Supp. 2d 1344 (2003) (citations omitted).

Plaintiffs argue that they have identified a number of factors warranting a stay. These include the conservation of judicial resources, the possibility that facts relevant to this case would change depending on the outcome of the ECC proceeding, and the expectation that the stay would only last until approximately July or August 2005. Significantly, the Canadian Labor Trade Alliance ("CLTA") states that if the ECC were to reject the United States' challenge and Commerce were to vacate the implementation and Amendment to Orders, CLTA could possibly dismiss certain claims. Also, CLTA argues that after the ECC acts, the nature of this case will differ, in that there will exist either two affirmative ITC determinations or one affirmative and one negative determination. Thus, plaintiffs argue that this court should use its discretion to order a stay.

Defendants, on the other hand, oppose a stay by arguing that the ultimate outcome of the ECC proceeding will have no effect on the central issue in this case -- whether the United States

Trade Representative and Department of Commerce acted within their statutory authority. Defendants also question plaintiffs' judicial economy arguments, arguing that plaintiffs are attempting to manipulate the system by filing separate actions before three different tribunals and using one to stall litigation in the other. Defendants also posit that the public interest would not be served by a stay in this matter.

Weighing these factors, the court finds that a stay is warranted. The prospect of a refined and possibly narrower scope of litigation, as well as the short duration of time requested for the stay, outweigh any potential harm to defendants or to the public interest. Accordingly, it is hereby

ORDERED that plaintiff's motion is granted; and it is further

ORDERED that the proceedings in this action are stayed pending the outcome of the ongoing NAFTA Extraordinary Challenge Committee proceeding, Secretariat File No. ECC-2004-1904-01-USA.


_____/s/ Jane A. Restani_____
Chief Judge Jane A. Restani


_____/s/ Judith M. Barzilay_____
Judge Judith M. Barzilay


_____/s/ Richard K. Eaton_____
Judge Richard K. Eaton


_____July 5, 2005_____
New York, NY